```
PAUL L. REIN, Esq. (SBN 43053)
PATRICIA BARBOSA, Esq. (SBN 125865)
JULIE MCLEAN, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
(510) 832-5001

Attorneys for Plaintiff:
RICHARD STICKNEY

HENRY A. WIRTA, JR., Esq. (SBN 110097)
HARRINGTON, FOXX, DUBROW & CANTER
650 California St., 19th Floor
San Francisco, CA 94108
(415) 288-6600

Attorneys for Defendants:
CARROWS RESTAURANTS, INC;
CARROWS CALIFORNIA FAMILY RESTAURANTS, INC.
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD STICKNEY,<br><br>    Plaintiff,<br><br>v.<br><br>CARROW'S RESTAURANTS, INC.;<br>and DOES 1-25, Inclusive,<br><br>    Defendants.<br>_____/ | CASE NO. C04-5002 SBA<br><u>Civil Rights</u><br><br><br><br>**CONSENT DECREE AND ORDER** |

### **CONSENT DECREE AND ORDER**

1.  Plaintiff RICHARD STICKNEY filed this action on November 24, 2004, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws against Defendants, CARROW'S

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-5002 SBA   — 1 —

1. RESTAURANTS, INC.; and DOES 1 through 25, Inclusive. Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54.1, and 55 of the California Civil Code, and sections 19955 *et seq.*, of the California Health and Safety Code by failing to provide full and equal access to their facilities at the Carrows Restaurant in Pleasant Hill, California, when plaintiff visited the subject facility on June 16, 2004.

2. Defendants CARROWS RESTAURANTS, INC. and CARROWS CALIFORNIA FAMILY RESTAURANTS, INC. ("Defendants") appeared in this action and denied the allegations in the Complaint. By entering into this Consent Decree and Order, defendants do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action. The parties hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

**JURISDICTION:**

3. The parties to this consent decree agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq*. and pursuant to pendant jurisdiction for violations of California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Code of Regulations; and California Civil Code §§51; 52; 54; 54.1; §54.3; and 55.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this consent decree

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-5002 SBA — 2 —

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

1  agree to entry of this Order to resolve all claims regarding
2  injunctive relief raised in the Complaint filed with this Court
3  on November 24, 2004.  Accordingly, they agree to the entry of
4  this Order without trial or further adjudication of any issues
5  of fact or law concerning plaintiff's claims for injunctive
6  relief.
7         WHEREFORE, the parties to this consent decree hereby
8  agree and stipulate to the Court's entry of this Consent Order,
9  which provides as follows:
10
11 **SETTLEMENT OF INJUNCTIVE RELIEF**:
12     5.   This Order shall be a full, complete, and final
13 disposition and settlement of Plaintiff's claims against
14 Defendants for injunctive relief that have arisen out of the
15 subject Complaint.  The parties agree that there has been no
16 admission or finding of liability or violation of the ADA
17 and/or California civil rights laws, and this Consent Decree
18 and Order should not be construed as such.
19     6.    The parties agree and stipulate that the corrective
20 work will be performed in compliance with the standards and
21 specifications for disabled access as set forth in the
22 California Code of Regulations, Title 24-2 and Americans with
23 Disabilities Act Accessibility Guidelines, unless other
24 standards are specifically agreed to in this Consent and Order:
25     a)   Remedial Measures: The injunctive relief agreed upon
26 by the Parties is attached as **Attachment A** to this Consent
27 Decree, which is incorporated herein by reference as if fully
28 set forth in this document.  Defendants agree to undertake all

Consent Decree and Order:
Case No. C04-5002 SBA         — 3 —         C:\Documents and Settings\Workstation\Local Settings\Temp\notes06E812\Consent Decree & Order with Attachment A.doc

1 remedial work set forth in **Attachment A**.  As to those items
2 with one or more indicated alternative solutions, defendants
3 may comply by carrying out the alternative of their choice.
4      b)   <u>Timing of Injunctive Relief</u>:  Defendants will submit
5 plans for all corrective work within 30 days of entry of this
6 consent decree and order by the court, will commence work
7 within 30 days of receiving approval from the building
8 department, and will complete work within 60 days of
9 commencement.  In the event that unforeseen difficulties
10 prevent defendants from completing any of the agreed-upon
11 injunctive relief, defendants or their counsel will notify
12 plaintiff's counsel in writing within 30 days of discovering
13 the delay.  Defendant or his counsel will notify plaintiff's
14 counsel when the corrective work is completed, and in any case
15 will provide a status report no later than 120 days from the
16 entry of this consent decree.
17
18 **<u>DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS</u>:**
19      7.   The parties have not reached an agreement
20 regarding plaintiff's claims for damages, attorney fees,
21 litigation expenses and costs.  These issues shall be the
22 subject of further negotiation, litigation, or motions to the
23 Court.
24
25 **<u>ENTIRE CONSENT ORDER</u>:**
26     8.   This Consent Order and Attachment A to this Consent
27 Decree, which is incorporated herein by reference as if fully
28 set forth in this document, constitutes the entire agreement

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order:**
**Case No. C04-5002 SBA**                — 4 —                C:\Documents and Settings\Workstation\Local Settings\Temp\notes06E812\Consent Decree & Order with Attachment A.doc

1 between the parties on the matters of injunctive relief, and no
2 other statement, promise, or agreement, either written or oral,
3 made by any of the parties or agents of any of the parties,
4 that is not contained in this written Consent Order, shall be
5 enforceable regarding the matters of injunctive relief
6 described herein.  This consent decree applies to plaintiff's
7 claims for injunctive relief only and does not resolve
8 plaintiff's claims for monetary damages, attorney's fees,
9 litigation expenses and costs, which shall be the subject of
10 further negotiation and/or litigation.
11
12 **CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST**:
13     9.   This Consent Order shall be binding on Plaintiff
14 RICHARD STICKNEY, Defendants, CARROWS RESTAURANTS, INC.;
15 CARROWS CALIFORNIA FAMILY RESTAURANTS INC.; and any successors
16 in interest.  The parties have a duty to so notify all such
17 successors in interest of the existence and terms of this
18 Consent Order during the period of the Court's jurisdiction of
19 this consent decree.
20
21 **MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO**
22 **INJUNCTIVE RELIEF ONLY:**
23     10.  Each of the parties to this Consent Decree
24 understands and agrees that there is a risk and possibility
25 that, subsequent to the execution of this Consent Decree, any
26 or all of them will incur, suffer, or experience some further
27 loss or damage with respect to the Lawsuit which are unknown or
28 unanticipated at the time this Consent Decree is signed.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-5002 SBA     — 5 —     C:\Documents and Settings\Workstation\Local Settings\Temp\notes06E812\Consent Decree & Order with Attachment A.doc

Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree apply to all such further loss with respect to the Lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the Lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived.  Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

This waiver applies to the injunctive relief aspects of this action *only* and does not include resolution of plaintiff's claims for damages, attorney fees, litigation expenses and costs.

11.   Except for all obligations required in this Consent Decree, and exclusive of the referenced continuing claim for damages, statutory attorney fees, litigation expenses and costs, each of the parties to this Consent Decree, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order:**
**Case No. C04-5002 SBA**      — 6 —      C:\Documents and Settings\Workstation\Local Settings\Temp\notes06E812\Consent Decree & Order with Attachment A.doc

shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Lawsuit.

**TERM OF THE CONSENT ORDER**:

12. This Consent Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for twelve (12) months after the date of this Consent Decree, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The parties agree and stipulate that any dispute which arises concerning this consent decree and order shall be submitted to Magistrate Judge Maria-Elena James of the U.S. District Court, Northern District of California.

**SEVERABILITY**:

13. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-5002 SBA — 7 —

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

1  **SIGNATORIES BIND PARTIES**:

2      14.  Signatories on the behalf of the parties represent
3  that they are authorized to bind the parties to this Consent
4  Decree and Order.

6  Dated: _____, 2005

8                                                                    Plaintiff RICHARD STICKNEY

9  Dated: _____, 2005

11                                                                    Defendant CARROWS RESTAURANTS, INC.

13  Dated: _____, 2005

15                                                                    Defendant CARROWS CALIFORNIA FAMILY RESTAURANTS, INC.

19  APPROVED AS TO FORM:

20  Dated: _____, 2005    PAUL L. REIN
21                                      PATRICIA BARBOSA
                                      JULIE A. MCLEAN
22                                      LAW OFFICES OF PAUL L. REIN

24                                      Attorneys for Plaintiff
                                    RICHARD STICKNEY

26  ///
27  ///
28  ///

**Consent Decree and Order:**
**Case No. C04-5002 SBA**  — 8 —

```
Dated: _____, 2005        HENRY A. WIRTA, JR.
                                HARRINGTON, FOXX, DUBROW & CANTER


                                _____
                                Attorneys for Defendants
                                CARROWS RESTAURANTS, INC.;
                                CARROW'S CALIFORNIA FAMILY
                                RESTAURANTS, INC.
```

**ORDER**

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED.**

```
Dated:  1/30/06                 _____
                                Honorable Saundra B. Armstrong
                                United States District Judge
```

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order:**
**Case No. C04-5002 SBA**                   − 9 −

c:\documents and settings\workstation\local settings\temp\notes06e812\consent decree & order with attachment a.doc

**Attachment A to Consent Decree and Order**
**Richard Stickney v. Carrow's Restaurants Inc., et al.**
**CASE NO. C04-5002 SBA**

The following injunctive relief is agreed upon between the parties as resolution to plaintiff's claims for injunctive relief as set forth in the action filed by Richard Stickney on November 24, 2004 in the United States District Court, Case No. C04-5002 SBA.

The parties agree that the corrective work set forth in this Attachment A will be performed in compliance with the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

1. **Parking:**
   a. **Tow Away Signage:** Defendants will install tow-away signage at each entrance to the parking lot and at each accessible parking space, including the address and telephone number to contact for towing information.
   b. **Configuration and Size of Van Accessible Space and Access Aisle:** Defendants will reconfigure the designated van accessible parking space and access aisle for proper width and length. The "van accessible" parking space must be 9' wide and 18' long, with an 8' wide access aisle.
   c. **Curb Ramp From Accessible Parking to Primary Entrance:** Currently, the curb ramp between the accessible parking and the primary entrance of the restaurant encroaches into the access aisle for the accessible parking. This curb ramp must be reconfigured so that the curb ramp does not encroach into the parking access aisle.

2. **Path of Travel from Public Right-of-Way:** Defendants will provide a marked, signed, accessible path of travel from the public sidewalk to the primary entrance of the restaurant which does not require disabled persons to travel behind any parked cars.

3. **Front Entrance:**
   a. **Level Landing on Outer Door Exterior**: On the exterior of the outer door, defendants will create a 60" level landing by correcting the slope of the ground to no more than 2% in any direction.
   b. **Door Push Pressure**: Defendants will adjust the door pressure so that neither vestibule door requires more than 8.5 lbs pressure to open.
   c. **Doormat**: Defendants will fasten the doormat securely to the ground.
   d. **Vestibule:** Defendants will make the entrance vestibule accessible by either replacing the hinges on the inner vestibule door so that it swings in both directions, or by removing the inner vestibule door.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-5002 SBA                                     — 9 —

c:\documents and settings\workstation\local settings\temp\notes06e812\consent decree & order with attachment a.doc

4. **Restrooms:** Defendants will provide properly sized and configured men's and women's accessible restrooms pursuant to Title 24 standards, including 60" turnaround space, 32" side transfer space, properly mounted dispensers and grab bars, signage, door landings, and door strike-edge clearance. The following items must also be corrected:
   a. **Men's Room Urinal:** In the men's room, one of the urinals will be lowered so that the rim is no more than 17" above the floor and the flush mechanism is no more than 44" above the floor.
   b. **Men's Room Floor Slope:** The slope of the floor in the men's room must be corrected so that there is no slope in excess of 2% in any direction.

5. **Table Seating:** Defendants will provide accessible seating at 5% of their tables, but no fewer than 1 table. Such accessible seating must be located on an accessible route 36" wide, and have kneespace 27" high, 30" wide, and 19" deep.

6. **Public Telephone:** Defendants will have the accessible pay phone (the phone with a volume control) lowered to no more than 48" above the finished floor, or else remove the pay phones.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

`Consent Decree and Order:`
`Case No. C04-5002 SBA`       — 10 —
c:\documents and settings\workstation\local settings\temp\notes06e812\consent decree & order with attachment a.doc